UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

O'DELL SANDERS,

        Petitioner,

v.                                        Case No. 5:06-cv-377-Oc-10GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

**ORDER**

**I. Status**

Petitioner O'Dell Sanders, an inmate of the Florida penal system, is proceeding on an Amended Petition for Writ of Habeas Corpus (Doc. #13) (hereinafter Amended Petition) pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2003 state court (Sumter County, Florida) judgment of conviction for attempted first degree murder with a firearm, burglary of a conveyance while armed, attempted robbery with a firearm and possession of a firearm by a violent career criminal on five grounds: (1) Petitioner's life sentence is an indeterminate and indefinite sentence, in violation of the Eighth and Fourteenth Amendments; (2) ineffective assistance of trial counsel for failure to object to the trial court's lack of inquiry concerning the fact that Petitioner was taking psychotropic medication, resulting in an involuntary plea; (3) ineffective assistance of trial counsel for conceding Petitioner's guilt to attempted robbery with a firearm during closing arguments, without

Petitioner's consent; (4) ineffective assistance of counsel for failing to file a motion to suppress statements which were made in violation of Petitioner's *Miranda* rights; and (5) the trial court erred in denying Petitioner's motion for judgment of acquittal with respect to the charge of attempted first degree murder, when the state put forth no evidence showing premeditation, resulting in a denial of due process of law.

Respondents filed a Response to Amended Petition (Doc. #14) (hereinafter Response). Petitioner's previously filed Reply to Respond [sic] (Doc. #8) (hereinafter Reply) was submitted in response to the state's response to the original petition. See the Court's Order (Doc. #4). Petitioner did not supplement his reply after filing the Amended Petition.

## II. Procedural History

Petitioner was charged by a third amended information with attempted first degree murder with a firearm (count one), burglary of a conveyance while armed (count two), attempted robbery with a firearm (count three), and possession of a firearm by a violent career criminal (count four). Ex. D.[1] A jury trial was conducted on counts one, two and three. Ex. F. Petitioner was found guilty as charged to counts one, two and three. Id. at 155-57; Ex. G. On the same day as the jury trial, October 16, 2003, Petitioner

---

[1] The Court hereinafter refers to Respondents' Appendix (Doc. #6), filed December 15, 2006, as "Ex."

entered a plea of guilty to count four. Ex. H. Petitioner was sentenced to concurrent sentences of life on counts one, two and four, and received a consecutive thirty-year sentence on count three. Ex. I; Ex. J. He was deemed to be a violent career criminal and a prison releasee reoffender. Ex. J. Petitioner appealed, Ex. K, raising one claim: the trial court erred in failing to grant the defense motion for judgment of acquittal when the state failed to establish premeditation. Ex. L at i. The state answered. Ex. M. The Fifth District Court of Appeal affirmed per curiam. Ex. N. The mandate issued December 3, 2004. Ex. O.

Petitioner filed a Rule 3.800(a) Motion to Correct Illegal Sentence in the circuit court, claiming he was sentenced to a constitutionally infirm sentence because a life sentence is indeterminate, and an indeterminate sentence is indefinite and results in a violation of due process of law. Ex. P. The motion was denied, with the circuit court finding the claim to be without merit, citing Ratliff v. State, 914 So.2d 938 (2005) (per curiam), cert. denied, 547 U.S. 1024 (2006). Ex. Q. Rehearing was denied. Ex. R; Ex. S. The Fifth District Court of Appeal affirmed per curiam. Ex. T; Ex. U. The mandate issued on February 15, 2006. Ex. V.

Petitioner filed a Rule 3.850 motion in the circuit court, raising the claims of ineffective assistance of counsel he raises

in the Amended Petition. Ex. W. The trial court denied the motion. Ex. X. Petitioner appealed, Ex. Y, and the state responded. Ex. Z. The Fifth District Court of Appeal affirmed per curiam. Ex. AA. The mandate issued on September 29, 2006. Ex. BB.

### III. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### IV. Standard of Review

Since the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. This standard of review was recently described by the Eleventh Circuit:

> Under AEDPA's "highly deferential" standard of review, Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 768 (11th Cir. 2003), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's

4

> adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor; 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008), cert. denied, 2009 WL 381970 (U.S. May 18, 2009) (No. 08-1032).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Timeliness of the Petition and Exhaustion

Respondents concede that the Petition is timely and the grounds raised herein were exhausted in the state court system. Response at 6-7.

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . .

6

> [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[2] A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

---

[2] "[W]hen a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

7

> See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). See also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision."), cert. denied, 544 U.S. 982 (2005).

## **VII. Ground One**

In ground one, Petitioner asserts that his life sentence is indeterminate and thus, unconstitutional. This claim has no merit. Harmelin v. Michigan, 501 U.S. 957 (1991) (life in prison without possibility of parole for possession of 672 grams of cocaine upheld); United States v. Willis, 956 F.2d 248, 250 (11th Cir. 1992) (per curiam) (challenging concurrent life sentences for conspiring to possess, and possessing with intent to distribute, at least five kilograms of cocaine, with the Eleventh Circuit finding that the mandatory life sentences did not constitute cruel and unusual punishment); Ratliff, 914 So.2d at 940 (stating "[t]he fact that the judicial system has no way of knowing how long the defendant will live and therefore cannot know how long the

8

defendant will be incarcerated does not render a life sentence unconstitutionally indefinite.").

Alternatively, the decisions of the trial court and the Fifth District Court of Appeal, Ex. U, are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VIII. Grounds Two, Three and Four

In grounds two, three and four, Petitioner claims he received the ineffective assistance of trial counsel. In addressing the Rule 3.850 motion, the trial court relied on <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), when considering Petitioner's claims of ineffectiveness of counsel. Ex. X at ¶ 5.

In denying ground two, the trial court found:

> In his first claim of ineffective assistance of counsel the Defendant contends that his trial counsel was ineffective because he failed to object to the Court's failure to inquire about the psychotropic medication he was taking. As a result, the Defendant contends he did not understand the consequences of his plea, and therefore he did

9

> not make his plea knowingly, intelligently, and voluntarily. However, a review of the trial record shows that the Defendant's claim is without merit. Before the Defendant pled guilty, his counsel fully explained the consequences of a guilty plea to Count IV. (Trial Tr., Ct IV, 4:11-5:15, Oct. 6, 2003.) After pleading guilty, the Court asked the Defendant the following questions:
>
>> THE COURT: Have you ever been treated for any mental illness?
>>
>> THE DEFENDANT: Yes.
>>
>> THE COURT: Are you taking any medication?
>>
>> THE DEFENDANT: Yes.
>>
>> THE COURT: But you've never been declared incompetent, have you?
>>
>> THE DEFENDANT: No, sir.
>
> (Trial Tr., Ct IV, 7:13-20, Oct. 16, 2003.) Thus, the Court was aware that the Defendant was taking psychotropic medications and that this did not make him incompetent. The Florida Rules of Criminal Procedure state that "[a] defendant who, because of psychotropic medication, is able to understand the proceedings and to assist in the defense shall not automatically be deemed incompetent to proceed simply because the defendant's satisfactory mental condition is dependent on such medication . . . ." Fla.R.Crim.P. 3.215(c). Accordingly, the Defendant was not incompetent to proceed or unable to understand the consequences of his guilty plea because he was taking psychotropic medications. Therefore his first claim is without merit.

Ex. X at ¶ 6.

The decisions of the trial court and the Fifth District Court of Appeal are entitled to deference under AEDPA. The adjudication

10

of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground two, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The Court notes that the guilty plea was taken the same day as the jury trial, immediately after the evidentiary portion of the trial, while the jury was deliberating. Ex. H. The trial judge had the opportunity to observe Petitioner throughout the jury trial. There is nothing on the record which supports Petitioner's assertion that he was unable to understand the court proceedings that day, including the plea proceedings that occurred immediately after the evidence, arguments and charge in the jury trial.

In denying ground three, Petitioner asserts that his counsel was ineffective for conceding his guilt to attempted robbery with a firearm during closing arguments, without Petitioner's consent. The trial court, in denying this claim, said:

> The Defendant's third claim is that his counsel was ineffective by conceding the Defendant's guilt to Count III during closing arguments without the Defendant[']s consent.

The Defendant's Counsel said, "I will submit to you that the State has proven that there was an attempted robbery and that attempted robbery was attempted by Mr. Odell Sanders." (Trial Tr., Cts. I, II, & III, 102:17-19, Oct. 16, 2003.)

Regarding the Strickland standard, "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Holland v. State, 916 So.2d 750, 756 (Fla. 2005) (citing Strickland v. Washington, 466 U.S. 668, 689-90 (1984)). In Holland, the defendant also claimed his counsel was ineffective for conceding guilt during closing arguments without prior consent. Id. However, the Supreme Court of Florida held that Holland's counsel was not simply conceding guilt, but instead was acknowledging damaging trial testimony from the victim, other witnesses, and consistent testimony from Holland himself. Id. The Court held that defense's counsel was "reasonable considering all the circumstances." Id.

As in Holland, Sander's defense counsel was not simply conceding guilt, but merely acknowledging damaging trial testimony, including the Investigator's recording of Sander's confession, where he repeatedly admitted that he was attempting to rob the victim. (Investigator's Tr., 0091-0095, Apr. 7, 2003.) This testimony is entirely consistent with the victim's account of the incident as well as a witness. (Trial Tr., Cts I, II, & III, 21:15-22:9, 38:18-39:21, Oct. 16, 2003.) Instead, Defense Counsel's strategy was to concentrate the jury's deliberations on the attempted murder charge, where the jury had a reasonable chance of finding Sanders not guilty. (Trial Tr., Cts. I, II, & III, 102:24-103:15, Oct. 16, 2003.) Accordingly, Sander's Counsel was reasonable considering all the circumstances and he has not overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Ex. X at ¶ 8.

The decisions of the trial court and the Fifth District Court of Appeal are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground three, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Recognizing that the Strickland standard applies, Petitioner has not demonstrated prejudice. He has not shown that there is a reasonable probability that the result of the proceeding would have been different without the statements of his attorney during closing. There was overwhelming evidence of Petitioner's guilt. A defense strategy of picking holes at the weaknesses in the state's case (the premeditation issue for the attempted murder charge) and attempting to challenge certain elements of the an offense while tactically retreating as to others is not so beyond reason as to suggest Petitioner was deprived of constitutionally effective counsel. In view of the overwhelming evidence against

13

Petitioner, including his taped interview which was played for the jury, the fact that Petitioner was shot during the offense and found nearby, and the fact that he was identified by the victim of the attempted robbery, the strategy of trial counsel was reasonable and does not constitute a constitutional violation.

In his fourth ground, Petitioner contends that his trial counsel was ineffective for failing to file a motion to suppress statements which were made in violation of Petitioner's *Miranda* rights. In denying this ground, the trial court concluded:

> In his second claim, the Defendant claims that his counsel was ineffective for failing to submit a Motion to Suppress his confession because his Miranda warnings were ineffective. The defendant cites <u>Franklin v. State</u> for the proposition that it was fundamental error that the Investigating Officers did not advise him effectively of his rights. 876 So.2d 607, 608 (Fla. 4th DCA 2004) (holding that it was crucial that the suspect be informed "that he has a right to an attorney *before and during questioning*, and that an attorney would be appointed for him if he could not afford one."). The Defendant claims that he was not advised that "he [h]as a right to have an attorney 'during' questioning or that [he] had a right to 'cease' questioning at anytime until consulting with a lawyer." However, a review of the Investigator's Interview transcript reveals that the Miranda warnings read to the Defendant prior to the interrogation were adequate:
>
>> RT: Mr. Sanders, Before we start, I'm gonna read you your rights. You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the **right to talk to a lawyer and have him present with you**

14

> **while you are being questioned. If
> you cannot afford to hire a lawyer,
> one will be appointed to represent
> you before any question if you wish.
> You can decide at any time to
> exercise these rights and not answer
> any questions** or make any
> statements. Do you understand each
> of these rights I've read to you?
>
> OS: Yeah.
>
> (Investigator's Tr., 0088, Apr. 7, 2003.)
> (Emphasis added). Thus, it is clear that the
> Defendant understood that he could have an
> attorney present during questioning and that
> he had a right to stop answering question[s]
> at any time until consulting with a lawyer.
> Accordingly, Defendant's second claim is
> without merit.

Ex. X at ¶ 7.

The decisions of the trial court and the Fifth District Court of Appeal are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground four, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

After discussing each claim of ineffectiveness and denying each ground, the trial court offered this conclusion: "The Defendant has failed to prove either prong of the Strickland test, that is, he has failed to show deficient performance by counsel and he has failed to show a reasonable probability that the outcome of the proceeding was negatively affected by counsel's performance." Ex. X at ¶ 9. It is clear that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]." Knowles, 129 S.Ct. at 1420.

### IX. Ground Five

In his fifth and final ground, Petitioner asserts that the trial court erred in denying his motion for judgment of acquittal with respect to the charge of attempted first degree murder. He contends that this ruling deprived him of due process of law in violation of the Fourteenth Amendment to the United States Constitution.

Defense counsel made the following motion at the close of the state's case:

> MR. ADAMS: Your Honor, before moving on into the defense's case. We move for a directed verdict in Count One as to the attempted murder.

> Your Honor, there hasn't been sufficient evidence to indicate that there was any premeditation or that it was attempted murder at all.
>
> I believe Mr. Reed [the victim] testified that he was shot in the leg and the gun went down like this when it was fired.
>
> Your Honor, that may have been an attempt to inflict great bodily harm, but I don't believe it amounts to attempted murder.
>
> THE COURT: Well, the other thing was that the defendant cocked the gun a second time when he was outside. So, I think it's a jury question. I deny your motion.

Ex. F at 95. When the motion for judgment of acquittal was renewed, it was denied. Id. at 96.

The claim was raised on direct appeal, and the Fifth District Court of Appeal affirmed the trial court. To the extent the claim was raised in the federal constitutional sense, and to the extent that the federal constitutional claim was addressed, the state court's rejection of this ground is entitled to deference as required pursuant to AEDPA. Upon review, it is clear that the state court's adjudication of the claim was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. Jackson v. Virginia, 443 U.S. 307 (1979). Additionally, it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief.

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed attempted first degree murder with a firearm. Before he shot the victim, Petitioner cocked his single-shot-22 and said "take this." Ex. F at 23. Petitioner recocked the gun after a struggle with the victim. Id. at 26. These actions took place during Petitioner's attempted robbery of the victim, where the victim refused to turn over his valuables. Id. at 21-22. A rational fact finder could have found that Petitioner shot the victim afer a period of reflection and consciously deciding to do so. Petitioner is not entitled to relief on his fifth ground.

## X. Conclusion

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Amended Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. #13) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Amended Petition (Doc. #13) and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Ocala, Florida, this 25th day of June, 2009.

UNITED STATES DISTRICT JUDGE

sa 6/23
c:
O'Dell Sanders
Ass't Attorney General (Corrente)